IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Alexis Rivero-Parra,<br><br>Plaintiff,<br><br>v.<br>Lindsay Corporation,<br>Lindsay Transportation Solutions Sales & Service, LLC.,<br>JC Barrier Solutions Corporation;<br>ABC Insurance Company,<br><br>Defendants. | Civil No. 19-1532<br><br>Plaintiff demands trial by jury |

## COMPLAINT

As his Complaint against Defendants, Plaintiff Alexis Rivero-Parra alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff Alexis Rivero-Parra is a citizen of the United States of America domiciled in Tokyo, Japan.

2. Plaintiff Alexis Rivero-Parra is the son of Miguel Ricardo Rivero-Parra.

3. Defendant Lindsay Corporation ("Lindsay") is a corporation created under the laws of a place other than Japan, having its principal place of business in Omaha, Nebraska.

4. Defendant Lindsay Transportation Solutions Sales & Service, LLC ("Lindsay Transportation") is an entity created under the laws of a place other than Japan, having its principal place of business in Rio Vista, California.

5. Defendant JC Barrier Solutions Corporation, Inc. ("JC Barrier") is a corporation organized under the laws of Puerto Rico and having its principal place of business also in Puerto Rico.

6. At all material times herein each defendant had at least one policy of liability insurance that covers the facts and damages alleged in this Complaint.

## II.  JURISDICTION AND VENUE

7. There is jurisdiction over the subject matter and over the parties to this suit as all the parties on either side of the suit are of diverse citizenship, and because the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars [$75,000], 28 USC Sec. 1332.

8. Venue is proper in the U.S. District Court for the District of Puerto Rico because it is where a substantial part of the events or omissions giving rise to to the claim occurred. 28 U.S.C. sec. 1391(a).

9. Lindsay, Lindsay Transportation and JC Barrier, acting on their own and/or thru their agents, wholesalers, distributors, sellers, franchisees, and licensees, have carried out business transactions within Puerto Rico and/or committed tortious acts within Puerto Rico, causally related to the facts asserted herein.

10. Lindsay and/or Lindsay Transportation state/advertise in their website that they installed in Puerto Rico their Road Zipper System [which includes Barrier Transfer Machines ("BTMs")].

## III.  OPERATIVE FACTS

11. On November 30, 2017 at around 10:30 p.m., Miguel Ricardo Rivero-Parra was a belted-driver of a 2011 Toyota Venza traveling on the left lane of Highway PR 52 in a South to North direction [Caguas to San Juan].

12. Highway PR 52 was dark as it did not have functional street illumination.

13. At that time and place the left lane was occupied by a BTM that was being operated by Emmanuel Rousell-Vélez.

14. Upon reaching kilometer 3.3 the Toyota Venza crashed into the left rear corner of the BTM and went under it.

15. As a result of the collision Miguel Ricardo Rivero-Parra, the beloved father of then 25- year old plaintiff Alexis Rivero-Parra, died.

16. At the time of the accident Rousell-Vélez was working for J.C. Barrier Solutions.

17. As of the time of the accident Rousell-Vélez had a very poor driving record, that included driving without the headlights on.

18. JC Barrier was aware or should have been aware of Rousell-Vélez's driving record.

19. At the time of the accident Rousell-Vélez did not possess the required permit to operate the BTM involved in the accident.

20. At the time of the accident Rousell-Vélez was operating the BTM in a way or manner unexpected to other Highway PR 52-drivers such as Miguel Ricardo Rivero-Parra.

21. At the time of the accident Rousell-Vélez was not, as he should have been, accompanied by an escort during the operation of the BTM.

22. At the time of the accident the incident BTM was owned and/or operated by J.C. Barrier Solutions.

23. At the time of the accident the laws of Puerto Rico did not authorize the operation and/or driving of a BTM on the open highway.

24. The incident BTM was designed, manufactured, merchandised, advertised, distributed and/or sold by defendants Lindsay and/or Lindsay Transportation.

25. At the time of the accident the BTM was not equipped with safety devices, such as a rear bumper to minimize the damages to humans and property resulting from a rear- impact collision.

26. At the time of the accident the geometric/dimensional characteristics of the BTM increased the danger of damage to humans and property resulting from a rear-impact collision.

27. At the time of the accident the BTM was not equipped with 2 rear lights, as required by Puerto Rico Law.

28. At the time of the accident the BTM did not have retro reflective paint or tape that would have alerted the driver of an approaching motor vehicle, such as Miguel Ricardo Rivero-Parra, of the presence of the BTM at the site of the accident.

29. At the time of the accident the incident BTM did not have rear lights.

30. In the alternative, if it had rear lights, they were not working or were not on.

31. At the time of the accident the BTM did not have the same or substantially similar pattern/conspicuity as that of a truck trailer and other vehicles authorized to be on the open road.

## IV. LIABILITY

32. Lindsay and Lindsay Transportation [and others presently unknown] are jointly and severally liable to the plaintiff the under the following theories of liability: (**a**)

4

  defective design of the incident BTM, **(b)** manufacturing defect of the BTM, **(c)** failure to warn, **(d)** failure to provide adequate and effective instructions, **(e)** Consumer Expectation Test, **(e)** Risk-Utility Test, **(f)** breach of warranty implied and/or express, **(g)** negligent misrepresentation, **(g)** post-sale duty to reduce and warn of hazards, **(h)** post manufacturing duty to upgrade the safety of the incident BTM, **(i)** negligence and/or fault in the design, manufacture, transportation or safekeeping of the incident BTM, **(j)** negligence and/or fault under article 1802 of the Puerto Rico Civil Code, **(k)** vicarious and/or *respondeat superior*, *culpa in eligiendo* or *in vigilando* liability, any **(l)** other legal precept supporting liability.

33. JC Barrier [and others presently unknown] are also jointly and severally liable to the plaintiff under the following theories of liability: **(a)** negligence and/or fault under articles 1802 and 1803 of the Puerto Rico Civil Code, **(b)** vicarious and/or *respondeat superior*, *culpa in eligiendo* or *in vigilando* liability, **(c)** negligence and/or fault and/or failure to comply with The Vehicle and Traffic Law of Puerto Rico, **(d)** any other legal precept supporting liability.

34. The crash occurred, and Mr. Rivero-Parra died, due to the fault and/or negligence of the defendants.

## V. DAMAGES

35. As a result of the untimely death of his beloved father, plaintiff Alexis Rivero-Parra has been deprived of his love, friendship, companionship, and guidance.

36. As a result of the untimely death of his beloved father, plaintiff Alexis Rivero-Parra has suffered and will continue to suffer deep mental and physical pain and anguish, and his capacity for the enjoyment of life has been severely affected.

37. As a result of the untimely death of his beloved father, plaintiff Alexis Rivero-Parra has been damaged in an amount that exceeds ONE MILLION DOLLARS ($1,000,000).

## VI. TOLLING OF THE STATUTE OF LIMITATIONS

38. On September 28, 2018 plaintiff Alexis Rivero-Parra and his mother and brother sent a 4-page extrajudicial claim and evidence preservation letter to each of the above-named defendants.

39. Additionally, on October 26, 2018, the same persons sent a tolling letter to the Puerto Rico Electric Power Authority (AEE) and Puerto Rico Roads and Transportation Authority (ACT) (who are not, at this time, parties to this case). The AEE received the letter on October 29, and the ACT on October 30.

40. The great majority, if not all, of the documents and information detailed in the letter is in the hands these defendants, entities, and/or persons under their control.

41. Plaintiff reserves the right to amend this Complaint to add parties and/or to make additional allegations once such documents and information are obtained in discovery.

## VII.   JURY DEMAND

42. Plaintiff demands trial by jury.

**WHEREFORE**, plaintiff demands judgment against the defendants, joint and severally, as hereinbefore requested together with costs, interest from the date of filing hereof, and reasonable attorney's fees.

Dated: May 31, 2019.

s/Jorge Miguel Suro Ballester
JORGE MIGUEL SURO BALLESTER
USDC-PR 121713
Email: jm@surolawoffice.com
jmsurolaw@gmail.com

s/Miguel A. Suro Carrasco
MIGUEL A. SURO CARRASCO
USDC-PR 227807
Email: masc@surolawoffice.com
miguel.suro@gmail.com

**Suro & Suro**
Attorneys for the plaintiffs
1225 Ponce de León Ave., Suite 1202-B
San Juan, PR  00907-3921
Tels.  (787) 724-5522